**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RONALD C. WILSON**,<br><br>        Plaintiff,<br><br>        v.<br><br>**STEPHEN J. PORRECO**,<br><br>        Defendant. | Civil Action No. 11-cv-1113 (RLW) |

## MEMORANDUM OPINION AND ORDER[1]

Through this lawsuit, Plaintiff Ronald Wilson ("Wilson") brought a multitude of claims against Defendant Steven Porreco ("Porreco"), all of which were rooted in Porreco's supposed wrongful eviction of Wilson from a barbershop space located in the Federal Aviation Administration building in Southwest, Washington, DC.  During the week of April 9, 2013, the parties tried this case to a jury, and on April 11, 2013, the jury returned a verdict finding against Wilson and in favor of Porreco on each and every count.  (Dkt. No. 59).  Wilson has now filed a Motion for Post-Trial Relief pursuant to Federal Rules of Civil Procedure 51(d)(2), 59(a), and 59(e), asking the Court to alter or amend the judgment with respect to his claims for conversion and wrongful eviction, or, alternatively, to grant a new trial.  (Dkt. No. 62).  Having reviewed

---

[1]  This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or, alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling.  The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel.  *Cf.* FED. R. APP. P. 32.1.  Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition."  D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

SUMMARY MEMORANDUM OPINION; NOT FOR PUBLICATION
IN THE OFFICIAL REPORTERS

and considered Wilson's motion, along with Porreco's opposition (Dkt. No. 63), the Court concludes that Wilson fails to establish an entitlement to any of the relief he seeks. Consequently, for the reasons set forth briefly herein, the Court will **DENY** Wilson's Motion for Post-Trial Relief in its entirety.

Motions to alter or amend under Rule 59(e) are disfavored, "and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). As our Court of Appeals has explained, a Rule 59(e) motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). To be sure, a Rule 59 motion does not afford an opportunity to "reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), nor "a chance . . . to correct poor strategic choices," *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 15 (D.D.C. 2010).

In this case, Wilson first argues that the jury committed clear error in finding that Porreco did not convert Wilson's personal property. In his view, the jury's finding "only makes sense if it was based on the erroneous legal assumption that only a tenant could have property converted, and Plaintiff was not a tenant." (Dkt. No. 62-1 at 2). In turn, Wilson urges the Court to alter the jury's judgment in this respect and to award him damages in the amount of $2,500 for the built-in bookcase and cabinets that he contends were unlawfully converted. Simply put, Wilson's plea is unavailing. The Court does not find that the jury's finding constitutes an error, much less a "clear error" that would justify the "extraordinary" relief available under Rule 59(e).

Wilson also challenges the jury's finding that Porreco did not wrongfully evict Wilson as contrary to law, arguing that its verdict amounts to manifest injustice. According to Wilson, there was no testimony or evidence presented at trial that he was a licensee, and he takes issue with the fact that Porreco never asserted, at any time before trial, that Wilson was a licensee, including in the Joint Pretrial Statement. From Wilson's perspective, "the first assertion of a licensee arrangement in Defendant's closing argument was simply too late." (Dkt. No. 62-1 at 5). The Court disagrees. The jury's verdict is entirely consistent with and supported by the evidence presented at trial, and the Court finds no clear error on these particular grounds.

Relatedly, Wilson asserts that the Court's revisions to the "Wrongful Eviction" jury instruction—Instruction No. 35—were contrary to law and warrant relief under Rule 59(e). He complaints about the "last-minute change" and contends that the modifications amounted to a "moving of the goal post," highlighting that Porreco never requested any revisions to the instruction that Wilson originally proposed. But Wilson's arguments do not give rise to relief under Rule 59, particularly given his counsel's failure to object to the Court's modification before the jury was instructed, despite being given an express opportunity to do so. Indeed, even Wilson concedes as much in his motion. (Dkt. No. 62-1 at 9) ("Plaintiff did not object at that time to the change in jury instruction respecting unlawful eviction.").[2]

---

[2]  As the Court previously explained on the morning of April 11, 2013, the reason the Court revised the parties' proposed instruction on this claim is because, in the Court's view, the parties' draft instruction failed to adequately frame the threshold factual issue to be decided by the jury before it could decide Wilson's wrongful eviction claim—*i.e.*, whether Wilson was a tenant in the first place. The revisions made by the Court, and agreed to by the parties, captured this critical distinction. As Wilson indicates, the Court also provided both counsel with copies of the relevant authorities supporting the statements of law inserted by the Court, and offered both sides a chance to object or to otherwise state their position. And it bears repeating that Wilson's counsel did not make any objection to the revised instruction before the jury was instructed, nor did he request any additional time to consider the instruction.

SUMMARY MEMORANDUM OPINION; NOT FOR PUBLICATION
IN THE OFFICIAL REPORTERS

To this same end, Wilson also invokes relief under Federal Rule of Civil Procedure 51(d)(2), arguing that the Court's revisions to the "Wrongful Eviction" instruction was "plain error" and "affect[ed] substantial rights." Inasmuch as Wilson failed to object to this instruction at trial, he rightly seeks relief under Rule 51(d)(2), but our Circuit has made clear that the application of Rule 51(d)(2) "is reserved for exceptional circumstances." *Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 169 (D.C. Cir. 2007). And other than the timing of the revisions to this instruction, Wilson does not even attempt to articulate any error in its substantive content, much less "plain error"; this forestalls relief under Rule 51(d)(2) at the outset, irrespective of whether Wilson could show that the instruction "affect[ed] substantial rights," as it must have. *See Czekalski v. Lahood*, 589 F.3d 449, 453 (D.C. Cir. 2009) ("Jury instructions are proper if, when viewed as a whole, they fairly present the applicable legal principles and standards.").

Finally, Wilson asks the Court to grant a new trial under Federal Rule 59(a), essentially invoking the same arguments that undergird his other requests for relief. But relief is no more warranted under Rule 59(a) than under Rules 59(e) or 51(d)(2). A new trial should only be granted "when the court is convinced that the jury verdict was a 'seriously erroneous result' and where denial of the motion will result in a 'clear miscarriage of justice.'" *In re Lorazepam & Clorazepate Antitrust Litig.*, 467 F. Supp. 2d 74, 87 (D.D.C. 2006) (quoting *Warren v. Thompson*, 224 F.R.D. 236, 239 (D.D.C. 2004)). Moreover, a new trial is almost never justified "on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result." 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2805, at 73 (3d ed. 2012). Wilson does not even begin to clear this high hurdle here, and the Court finds no basis for relief under Rule 59(a).

SUMMARY MEMORANDUM OPINION; NOT FOR PUBLICATION
IN THE OFFICIAL REPORTERS

Accordingly, for the reasons articulated herein, Wilson's Motion for Post-Trial Relief is hereby **DENIED** in its entirety.

**SO ORDERED.**

Date:  May 22, 2013

ROBERT L. WILKINS
United States District Judge
