## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONALD C. WILSON**, | |
| Plaintiff, | |
| v. | Civil Action No. 11-cv-1113 (RLW) |
| **STEPHEN J. PORRECO**, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER[1]

This matter is before the Court on Plaintiff Ronald Wilson's ("Wilson") Motion to Retax

Costs and Reverse Clerk's Partial Grant of Defendant's Bill of Costs. (Dkt. No. 68). Following

a jury verdict in his favor, Defendant Steven Porreco ("Porreco") filed a Bill of Costs on May 23,

2013, seeking costs in the amount of $1,236.80. (Dkt. No. 65). On May 29, 2013, Wilson

submitted his opposition, arguing that Porreco's request should be denied as untimely under

Local Civil Rule 54.1, and that, at a minimum, Porreco's claimed costs should be reduced by

$35.00. (*See* Dkt. No. 66). Upon review, the Deputy Clerk of Court entered costs in Porreco's

favor on August 9, 2013, in the total amount of $1,201.80, which included the $35.00 reduction

sought by Wilson. (*See* Dkt. No. 67). One week later, on August 16, 2013, Wilson filed his

---

[1]       This unpublished memorandum opinion is intended solely to inform the parties and any
reviewing court of the basis for the instant ruling, or, alternatively, to assist in any potential
future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court
has designated this opinion as "not intended for publication," but this Court cannot prevent or
prohibit the publication of this opinion in the various and sundry electronic and legal databases
(as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion
by counsel. *Cf.* FED. R. APP. P. 32.1. Nonetheless, as stated in the operational handbook adopted
by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished
disposition means that the Court sees no precedential value in that disposition." D.C. Circuit
Handbook of Practice and Internal Procedures 43 (2011).

Motion to Retax, protesting that Porreco should not have recovered any costs at all. Porreco then filed a timely opposition to Wilson's motion on August 23, 2013, and Wilson apparently elected not to file any reply brief. The matter is now ripe for decision, and upon review of the parties' briefing, the entire record in this action, and the governing authorities, the Court concludes, for the reasons that briefly follow, that Wilson's Motion to Retax will be **GRANTED**.

Subject to certain exceptions not relevant here, Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Though "the general proposition is that the prevailing party is entitled to costs . . . as of course," it is well established that "the allowance, disallowance, or apportionment of costs is in the sound discretion of the district court." *Moore v. Nat'l Ass'n of Sec. Dealers, Inc.*, 762 F.2d 1093, 1107 (D.C. Cir. 1985). Under this Court's Local Rules, "a review of the decision of the Clerk in the taxation of costs may be taken to the court on a motion to retax," in response to which the Court, "for good cause shown may tax additional costs or may deny costs allowed by the Clerk." LCvR 54.1(e). However, the D.C. Circuit has made clear that "a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc) (per curiam).

Wilson's principal argument for reversal of the Clerk's entry of costs is one of timeliness. According to Wilson, Porreco simply filed his Bill of Costs too late. Though the Federal Rules do not specify when a bill of costs must be filed, this Court's Local Rules provide that "[a] bill of costs must be filed within 21 days after entry of judgment terminating the case as to the party seeking costs, unless the time is extended by the court." LCvR 54.1(a). The Clerk entered judgment in this case on April 17, 2013, Wilson points out, which means that Porreco's deadline

2

to file for costs was 21 days later, on May 8, 2013. *See id.* Yet Porreco did not seek entry of costs until May 23, 2013—36 days after judgment was entered against Wilson. Seizing on this delay, Wilson urges the Court to reverse the Clerk's entry of costs and to deny Porreco's application for costs in its entirety.

For his part, Porreco rejoins that he did timely seek costs in accordance with the Court's Local Rules, at least when one takes into account the impact of Wilson's Rule 59(e) motion for post-trial relief. In so arguing, Porreco is essentially making a tolling argument, contending that Wilson's filing of a Rule 59(e) motion tolled the Local Rule 54.1 deadline to tax costs. While the D.C. Circuit has not, at least to this Court's knowledge, had occasion to address this particular issue, other courts seem to have held accordingly. *See, e.g.*, *Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001) (per curiam) (explaining that a timely Rule 59 motion "suspend[s] the finality of the district court's judgment," such that the deadline to seek costs under local rule was suspended pending resolution of the Rule 59 motion); *see also Scottsdale Ins. Co. v. Tolliver*, No. 04-cv-227, 2009 WL 523108, at *2 (N.D. Okla. Mar. 2, 2009) ("[T]he deadline to file a motion for costs under Rule 54(d) is tolled upon the filing of a timely Rule 50 or Rule 59 motion."). But assuming that this Court were to adopt a similar approach—concluding that a timely Rule 59 motion tolls the 21-day deadline to seek costs under Local Rule 54.1—such tolling would be inappropriate under the facts of this case.

It is true, as Porreco emphasizes, that Wilson filed a post-trial Rule 59 motion, and it is equally true that Porreco filed his costs bill only one day after the Court ruled upon (and denied) Wilson's Rule 59 motion. *See Wilson v. Porreco*, No. 11-cv-1113, 2013 WL 2250048 (D.D.C. May 22, 2013). But the problem with Porreco's argument is that, by the time Wilson filed his

Rule 59 motion on May 15, 2013, Porreco's deadline to seek costs had already lapsed one week prior, on May 8, 2013.[2]  In other words, there was no viable time period left to toll.  The Court might reach a different result if Wilson had filed his Rule 59 motion *prior* to May 8—i.e., *within* the available window to seek costs under the Court's Local Rules—but this is not that case. Porreco's Local Rule 54.1(a) filing deadline came and went on May 8, 2013, and the Court disagrees that Wilson's subsequent Rule 59 motion somehow resuscitated Porreco's ability to seek costs.

Accordingly, the Court **GRANTS** Wilson's Motion to Retax, denying the imposition of any costs against Wilson under Federal Rule 54 and Local Civil Rule 54.1.[3]

**SO ORDERED.**

Date:  September 13, 2013

_____
ROBERT L. WILKINS
United States District Judge

---

[2]    The Court observes the Wilson's Rule 59 motion was timely filed.  *See* FED. R. CIV. P. 59(b) (requiring motion for new trial to be filed within 28 days after entry of judgment).

[3]    Since the Court agrees with Wilson's untimeliness argument, it need not reach his alternate argument concerning his claimed indigency.